**MANSON CONSTRUCTION COMPANY; et al.,** **Petitioners,**

v.

**Louie BROWN; et al., Respondents.**

**No. 06–75824.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.[*]

Filed June 17, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Barry W. Ponticello, for Petitioner.

Robert W. Nizich, The Law Offices of Charles Naylor, San Pedro, CA, Carol Dedeo, Kathleen Kim, Michael Niss, Mark A. Reinhalter, U.S. Department of Labor, Office of the Solicitor, Washington, DC, Eric Richardson, U.S. Department of Labor OWCP, Long Beach, CA, Thomas Shepard, Benefit Review Board, Clerk of the Benefit Review Board, Washington, DC, Phillip Williams, U.S. Department of Labor, District Director, San Francisco, CA, Michael Doran, Samuelsen, Coalwell & Gonzalez A Professional Corporation, San Pedro, CA, for Respondents.

Before: TROTT, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM **

Manson Construction Company and its insurer, Seabright Insurance Company ("Manson"), petition for review of the final order of the Benefits Review Board of the Department of Labor ("the Board"). Manson contends that the Board erred in affirming the decision of the administrative law judge ("ALJ"): (1) finding that Manson is the employer responsible for permanent partial disability benefit payments to Louis Brown ("Brown") under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.; and (2) deny-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing Manson's claim for special fund relief under 33 U.S.C. § 908(f). We review the Board's decision for errors of law and adherence to the substantial evidence standard. *See E.P. Paup Co. v. Director, OWCP,* 999 F.2d 1341, 1347 (9th Cir.1993). We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we deny the petition for review.

■ Substantial evidence supports the ALJ's finding that Brown sustained an injury on November 1, 2001 while employed ·by Manson, and that during Brown's subsequent four-day employment with another employer, Brown sustained a temporary flare-up of this injury, not an injury aggravating, accelerating or combining with the November 2001 injury to create the ultimate disability. *See Metro. Stevedore Co. v. Crescent Wharf & Warehouse Co.,* 339 F.3d 1102, 1104–05 (9th Cir.2003). Accordingly, the Board properly upheld the ALJ's determination that Manson is the last responsible employer.

■ Substantial evidence supports the ALJ's finding that Manson failed to establish, by medical or other evidence, that Brown's pre-existing injuries and disabilities made his current disability more serious than it otherwise would have been based solely on the November 2001 injury. *See E.P. Paup Co.,* 999 F.2d at 1352–54. Accordingly, the Board properly upheld the ALJ's denial of Manson's claim for special fund relief under 33 U.S.C. § 908(f).

Attorney's fees and costs on appeal are awarded to Brown. *See* 33 U.S.C. § 928(c). The determination of an appropriate amount of attorney's fees on appeal is referred to this court's Appellate Commissioner, who shall have authority to en-

ter an order awarding fees. *See* 9th Cir. R. 39–1.9.

## PETITION FOR REVIEW DENIED.